Denise and Maria Liberty Angeles, Pro se
P.O. Box 210775
Chula Vista, California 91921
(619) 572-0607

FILED

08 MAY 29 PM 3: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DENISE G. ANGELES and MARIA )
LIBERTY ANGELES, )
)
      Plaintiffs, )
)
vs. ) CASE NO. '08 CV 0951 DMS RBB
AURORA LOAN SERVICES, )
HOMECOMINGS FINANCIAL )
SERVICES, MORTGAGEIT, INC., )
and WELLS FARGO BANK, NA )
)
      Defendants. ) **VERIFIED COMPLAINT**
)
)
_____ )

VERIFIED COMPLAINT

    COMES NOW the PlaintiffS, DENISE G. ANGELES and MARIA

LIBERTY ANGELES, pro-se, and sue Defendants AURORA LOAN SERVICES

(hereinafter "Aurora"), HOMECOMINGS FINANCIAL SERVICES

(hereinafter "Homecomings"), MORTGAGEIT, INC., (hereinafter

"Mortgageit"), and WELLS FARGO BANK, NA (hereinafter

"Wellsfargo"), as grounds therefore would state as follows:

PRELIMINARY STATEMENT

1.

    1. This Complaint is filed under the Truth in Lending Act,

15 U.S.C. section 1601 hereinafter called the "Act") to enforce

plaintiff's right to rescind a consumer credit transaction, to void the Defendant's security interest in the Plaintiff's home, and to recover statutory damages, reasonable fees and costs by reason of the Defendant's violations of the Act and Regulation Z, 12 C.F.R. section 226 (hereinafter called "Regulation Z").

JURISDICTION

2.

Jurisdiction is conferred on this Court by 15 U.S.C. section 1640 (e) and 28 U.S.C. sections 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. section 2201.

PARTIES

3.

Plaintiffs, DENISE G. ANGELES and MARIA LIBERTY ANGELES, are natural persons residing at 2176 Corte Anacapa, Chula Vista, California 91914.

4.

Defendant Aurora is a corporation engaged in the business of mortgage financing and doing business in San Diego County, California.

5.

Defendant Homecomings, is a corporation engaged in the business of mortgage financing and doing business in San Diego County, California.

6.

1    Defendant Mortgageit, is a corporation engaged in the

2  business of mortgage financing and doing business in San Diego

3  County, California.

4                                  7.

5    Defendant Wellsfargo, is a corporation engaged in the

6  business of mortgage financing and doing business in San Diego

7  County, California.

8                                  8.

9    At all times material hereto, the Defendants, in the

10  ordinary course of its business, regularly extended, or offered

11  to extend, consumer credit, for which a finance charge is or may

12  be imposed or which, by written agreement, is payable in more

13  than four installments.

14                        FACTUAL ALLEGATIONS

15                                  9.

16    On or about November 8, 2005 Plaintiff entered into a

17  consumer credit transaction ("the transaction") with Defendant

18  Mortgageit, in which the extended consumer credit was subject to

19  a finance charge and which was initially payable to the

20  Defendant.

21                                 10.

22    A true and correct copy of the closing statement evidencing

23  the transaction is attached hereto, marked as PLAINTIFF'S

24  EXHIBIT A, and by reference is incorporated herein.

25                                 11.

26    As part of this consumer credit transaction, the Defendants

27  retained a security interest in 2176 Corte Anacapa, Chula Vista,

28  California, 91914, which is Plaintiff's home.

12.

The security interest was not created to finance the acquisition or initial construction of Plaintiff's home.

13.

A true and correct copy of the mortgages evidencing the Defendant's security interest is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by reference is incorporated herein.

FIRST CAUSE OF ACTION

14.

This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. section 1635 and Regulation Z, 12 C.F.R. section 226.23.

15.

In the course of the consumer credit transaction Defendants violated 15 U.S.C. Section 1635 (a) and Regulation Z section 226.23 (b) by failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that:

      a. Identified the transaction.

      b. Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

      c. Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

      d. Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form

1    for that purpose designating the address of

2    Defendant's place of business.

3    e. Clearly and conspicuously disclosed the effects of

4    the transaction.

5    f. Clearly and conspicuously disclosed the date the

6    rescission period expired.

7

8                          16.

9    The disclosure statement issued in conjunction with this

10   consumer credit transaction, and attached as PLAINTIFF'S EXHIBIT

11   C, violated the requirements of Truth in Lending and Regulation

12   Z in the following and other respects:

13

14   a. By failing to include in the finance charge certain

15      charges imposed by the Defendant payable by

16      Plaintiff incident to the extension of credit as

17      required by 15 U.S.C. section 1605 and Regulation Z,

18      section 226.4,thus improperly disclosing the finance

19      charge in violation of 15 USC section 1638 (a) (3)

20      and Regulation Z section 226.18 (d). Such amounts

21      include, but are not limited to

22

23   i.    The broker fee.

24   ii.   The credit report fee, which is not a bona fide

25         and reasonable fee.

26

27

28

        iii. The recording fees in excess of the actual

             recording fee which are therefore not a "bona

             fide and reasonable" fee.

        iv. The settlement or Closing fee.

     b. By improperly including certain charges, in the

       amount financed, which are finance charges,

       including but not limited to those itemized in

       Paragraph 12 (a) herein, the Defendant improperly

       disclosed the amount financed in violation of 15

       U.S.C. section 1638 (a) (2) and Regulation Z,

       section 226.18 (b); and

     c. By calculating the annual percentage rate (APR)

       based upon improperly calculated and disclosed

       finance charges and amount financed, 15 U.S.C.

       section 1606, Regulation Z, section 226.22, the

       Defendant understated the disclosed annual

       percentage rate in violation of 15 U.S.C. section

       1638 (a) (4) and Regulation Z, section 226.18 (c).

                     17.

The disclosures improperly made by Defendants as itemized in paragraph 14 are material disclosures as defined in the Truth in Lending Act, 15 U.S.C. section 1602 (u), Regulation Z226.23 n. 48.

18.

The finance charge and APR were underdisclosed by more that the tolerance levels set forth in U.S.C. section 1635 (f).

19.

By reason of the material violations of 15 U.S.C. section 1638, Plaintiff has a right of rescission for three years from the date of consummation of the loan pursuant to U.S.C. (f).

20.

Plaintiffs rescinded the transaction by sending to Defendants at their business address by mail a notice of rescission.

21.

More than 20 calendar days have passed and Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under this transaction, including the security interest describe as required by 15 U.S.C. section 1635 (b) and Regulation Z section 226.23 (d) (2).

22.

The Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiff to anyone, including the Defendants, as required by 15 U.S.C. 1635 (b) and Regulation Z 226.23 (d) (2).

23.

As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. sections 1635 (a), 1640 (a), and 1641 (c), Defendants are liable to Plaintiff for:

a. Rescission of this transaction.

b. Termination of any security interest in Plaintiff's property created under the transaction

c. Return of any money or property given by the Plaintiff to anyone including the Defendant, in connection with this transaction.

d. Statutory damages for disclosure violations.

e. Statutory damages for failure to respond properly to Plaintiff's rescission notice.

f. Forefeiture of return of loan proceeds.

g. Actual damages in an account to be determined at trial.

h. Costs of this action.

PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case.

2. Declare the security interest in Plaintiff's home void.

3. Rescind the subject loan transaction.

4. Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interest void, including but not

limited to the mortgage related to the subject
transaction.

5. Order the return to the Plaintiff of any money or
   property given by the Plaintiff to anyone, including
   Defendants, in connection with the transaction.

6. Enjoin Defendants, during the pendency of this action,
   and permanently thereafter, from instituting,
   prosecuting, or maintaining foreclosure proceedings on
   the Plaintiff's property, from recording any deeds or
   mortgages regarding the property or from otherwise taking
   any steps to deprive Plaintiff of ownership of the
   property.

7. Award the Plaintiff statutory damages for the disclosure
   violation, in the amount of twice the finance charge in
   connection with this transaction, but not less than $200
   or more than $2,000 as provided under 15 U.S.C. section
   1640 (a).;

8. Award the Plaintiff statutory damages for Defendant's
   failure to respond properly to the Plaintiff's rescission
   notice, in the amount of twice the finance charge in
   connection with this transaction, but not less than $200
   or more than $2,000 as provided under 15 U.S.C. 1640 (a).

9. Order that, because of Defendant's failure to respond to
   the Plaintiff's notice of rescission, the Plaintiff has

no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of all of the Plaintiff's claims, and order the Defendant to accept tender on reasonable terms and over a reasonable period of time;

10. Award actual damages in an amount to be established at trial;

11. Award Plaintiff costs

12. Award such other and further relief as the Court deems just and proper.

## VERIFICATION

Plaintiffs/Affiants declare that they have read the foregoing Verified Complaint and under penalty of perjury that the foregoing facts and allegations as contained therein are true and correct.

Denise G. Angeles, Plaintiff
Pro Se
P.O. Box 210775
Chula Vista, CA 91921
(619) 572-0607

Maria Liberty Angeles, Plaintiff
Pro Se
P.O. Box 210775
Chula Vista, CA 91921

5/29/2008
Date

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Denise G. Angeles and Maria Liberty Angeles, Pro Se

**DEFENDANTS**    08 MAY 29  PM 3: 20

Aurora Loan Services, Homecomings Financial Services, Mortgageit Inc., and Wells Fargo Bank, NA

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Littleton
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Denise G. Angeles and Maria Liberty Angeles, Pro Se
P.O. Box 210775 Chula Vista CA 91921

Attorneys (If Known)    **08 CV 0951 DMS RBB**

| **II. BASIS OF JURISDICTION** (Place an "X" in Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 ET SEQ.

Brief description of cause:
TILA VIOLATIONS

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions)
JUDGE _____    DOCKET NUMBER

DATE    5/29/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 151355    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

TAL 5/29/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151355   — MB
\* \* C O P Y \* \***
**May 29, 2008**
**15:18:14**

**Civ Fil Non-Pris**
USAO #.: 09CV0951
Judge..: DANA M SABRAW
Amount.:                     $350.00 CK
Check#.: BC1022

**Total—>   $350.00**

FROM: DENISE G  ANGELES & MARIA ANGE
           VS
       AURORA LOAN SERVICES & WELLS
       FARGO BANK