# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE G. ANGELES AND MARIA LIBERTY ANGELES,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>AURORA LOAN SERVICES, HOMECOMINGS FINANCIAL SERVICES, MORTGAGEIT, INC., AND WELLS FARGO BANK, NA,<br><br>　　　　　　　Defendant. | CASE NO. 08CV0951 DMS RBB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

　　　This matter comes before the Court on Plaintiffs' motion for an ex parte Temporary Restraining Order ("TRO") enjoining the sale of their residence at a trustee sale scheduled for May 30, 2008 at 10:00 AM. Plaintiffs received notice of the sale in a "Notice of Trustee's Sale" dated May 3, 2008. Nonetheless, Plaintiffs did not file the verified complaint together with the accompanying motion, also verified, until May 29, 2008 at 3:16 PM. (Doc. 1-2). Although Plaintiffs served the documents by mail on May 29, 2008, there is no evidence Defendants have received actual notice of the instant motion. The Court declines to issue an ex parte TRO on this record.

　　　Plaintiffs allege that on November 8, 2005, Plaintiffs entered into a consumer credit transaction with Defendant Mortgagit, Inc., in which Defendants retained a security interest in Plaintiffs' home at 2176 Corte Anacapa in Chula Vista, California 91914. Plaintiffs further allege that Defendants violated the Federal Truth in Lending Act (TILA, found at 15 U.S.C. § 1635) and Regulation Z passed

thereto (found at 12 C.F.R. § 226.23) during the initial loan transaction. Accordingly, Plaintiffs claim a right to rescind the contract and terminate Defendants' interest in the property. This right of rescission terminates if the mortgaged property is sold at a foreclosure sale. 15 U.S.C. § 1635(f); *Worthy v. World Wide Fin. Servs.,* 347 F. Supp. 2d 502, 506 (E.D. Mich. 2004).

       Ordinarily before issuing a TRO, the Court will hold a hearing, although in rare circumstances a TRO may be issued without notice to the adverse party. *See* Fed. R. Civ. Proc. 65(b)(1). Because the policy in favor of giving notice is so strong, even if other requirements for injunctive relief are present, a TRO without notice may issue only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(2)."

       In addition, a TRO is an equitable remedy, subject to equitable defenses, including laches. *Apache Survival Coalition v. OLA Cassadore Davis*, 118 F.3d 663, 665-66 (9th Cir. 1997) (affirming district court's denial of "TRO on the grounds of laches"). To establish a defense of laches, a party must show prejudice caused by the opposing party's lack of diligence in pursuing its claim. *Id.*

       Plaintiffs' complaint does not allege "specific" facts that "clearly" establish a violation. *See* Fed. R. Civ. Proc. 65(b)(1). Instead, it alleges list, in general terms, of violations of TILA. For example, although it alleges a broker fee was not included in the finance charge disclosed in the lending documents, which caused the APR and finance charges to be calculated incorrectly "by more tha[n] the tolerance levels set forth in U.S.C. section 1635(f)," it does not specify the amount of the broker fee, the amount by which the APR was calculated incorrectly, or the amount by which the finance charge was calculated incorrectly as a result of the alleged error. At no time do the pleadings quote or specifically reference deficient portions of the loan documents, and no loan documents were attached to the complaint.

       In addition, the allegations are ambiguous. For example, the complaint alleges Defendants violated TILA by "failing to deliver to the Plaintiffs two copies of a notice of the right to rescind that: (a) identified the transaction[;] (b) clearly and conspicuously disclosed the security interest in the

1 | Plaintiff's home....[continues listing deficiencies]." It is not clear whether Plaintiff received only *one*
2 | copy of a compliant notice, received *two* copies of a non-compliant notice, or never received a notice
3 | of the right to rescind at all. It is further unclear whether the notice contained all of the deficiencies,
4 | or only some of them. Accordingly, no "clear" violation is established by "specific" allegations of
5 | facts. *See* Fed. R. Civ. Proc. 65(b)(1).[1]

6 | Moreover, Plaintiffs do not explain why Defendants were not given actual notice. Plaintiffs
7 | attach a certificate of service indicating Defendants were served by mail. However, when a complaint
8 | is filed mere hours before relief is required, mail will certainly not suffice to give Defendants actual
9 | notice of the action. There exist more modern, immediate means of delivering actual notice, which
10 | would have afforded Defendants the opportunity to be heard in this action. Plaintiffs employed none
11 | of these means. Plaintiffs have also provided no reason why such notice should not be required. *See*
12 | Fed. R. Civ. Proc. 65(b)(2).

13 | Perhaps Plaintiffs believe notice should not be required due to the limited time before the sale.
14 | However, that reasoning implicates the equitable doctrine of laches. Plaintiffs have had notice of this
15 | foreclosure sale for nearly a month. Yet, they waited until 3:16 PM on the day before a 10:00 AM sale
16 | to file and serve their complaint and TRO application, without providing any explanation for the delay.
17 | Plaintiff's delay has caused prejudice to Defendants, who have been denied notice and the opportunity
18 | to be heard in their own defense.
19 | / / /
20 | / / /
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 |

---

28 | [1] This determination is not meant to pass on the sufficiency of the pleading for purposes of a motion to dismiss. Instead, the Court finds only that the pleadings are not clear or specific enough to compel the rare remedy of a TRO issued without notice to the Defendants.

Because of the non-specific and unclear nature of Plaintiff's allegations, the failure to explain the late filing, and the lack of good cause for granting relief without affording Defendants actual notice and the opportunity to be heard, the Court declines to grant Plaintiffs' application for an ex-parte TRO. The motion is DENIED without prejudice.

**IT IS SO ORDERED.**

DATED: May 30, 2008

HON. DANA M. SABRAW
United States District Judge